IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX CHRISTOPHER DEJESUS,<br>Plaintiff | : | No. 3:25-CV-0483 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN SHOEMAKER, et al.,<br>Defendants | : | |

## MEMORANDUM

Plaintiff Alex Christopher DeJesus initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging unconstitutional conditions of confinement at Lycoming County Prison. The court will dismiss DeJesus's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but will provide leave to amend.

### I. BACKGROUND

In his complaint, DeJesus asserts that he is a pretrial detainee at Lycoming County Prison who is housed in the "SMU/DLU" on the G-Block unit. (Doc. 1 at 2, 4). His allegations are succinct: he maintains that unspecified prison officials keep the lights illuminated in his housing unit 22 out of 24 hours a day, causing inmates significant sleep deprivation. (Id. at 4). DeJesus further alleges that, as

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

none of the inmates in the unit are on suicide supervision, there is no legitimate penological justification for the constant lighting. (Id.) He contends that the near-continuous illumination has caused him "sleep deprivation, depression, anxiety, delusion, mood swings, [and] sight distortion." (Id. at 5).

DeJesus lodged the instant complaint in this court on March 17, 2025. (See generally Doc. 1). He sues four defendants: Warden Brad Shoemaker, Deputy Warden Ryan Barnes, Deputy Warden Chris Ebner, and the Lycoming County Prison Medical Administration. (Id. at 2-3). He seeks "monetary compensation" as his only requested relief. (Id. at 5).

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v.

U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)

3

(alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because DeJesus proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like DeJesus, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

DeJesus asserts a single Fourteenth Amendment[2] claim of unconstitutional conditions of confinement.  His complaint, however, fails to state a claim upon

---

[2] Although DeJesus invokes the Eighth Amendment, he avers that he was a pretrial detainee (not a convicted and sentenced prisoner) at the time of the alleged events, so his conditions-of-confinement claim implicates the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition of cruel and unusual punishments.  See Jacobs v. Cumberland County, 8 F.4th 187, 193-94 (3d Cir. 2021); Thomas v. Cumberland County, 749 F.3d 217, 223 n.4 (3d Cir. 2014); Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005) (Hubbard I); see also

4

which relief may be granted. The court will discuss DeJesus's pleading deficiencies in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp.

---

Paulino v. Burlington Cnty. Jail, 438 F. App'x 106 (3d Cir. 2011) (nonprecedential) (explaining that "sentenced prisoners are protected from punishment that is 'cruel and unusual,' while pretrial detainees are protected from any punishment" (citing Hubbard I, 399 F.3d at 166-67)).

3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

DeJesus's first and primary deficiency is that he fails to allege personal involvement by Defendants in the purported constitutional violation. His complaint is silent as to the alleged unlawful action (or inaction) of any of the Defendants he identifies in his complaint. In fact, besides being listed in the caption and the defendant-identification section, the prison entity and officials DeJesus sues do not appear anywhere else in the pleading. Accordingly, the court must dismiss the Section 1983 conditions-of-confinement claim against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

B.  "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (citing Imbler v.

6

Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983, and entities such as prisons, agencies, and private businesses do not qualify as "persons." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989); Slagle v. County of Clarion, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); Stankowski v. Farley, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); Ali v. Ann Klein Forensic Center, No. 21-CV-316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (finding that state hospital "is not a 'person' within the meaning of § 1983").

DeJesus attempts to sue the Lycoming County Prison Medical Administration. (See Doc. 1 at 3). This entity is not a "person," and therefore DeJesus has failed to assert a viable Section 1983 claim against it. Moreover, DeJesus does not allege an unconstitutional policy or custom by the prison medical administration such that a Section 1983 lawsuit could be maintained

against Lycoming County. See, e.g., Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Accordingly, the prison medical administration must be dismissed under Section 1915A(b)(1) for failure to state a claim for relief.

### C. Fourteenth Amendment Conditions of Confinement

When a pretrial detainee asserts a conditions-of-confinement claim, the Due Process Clause of the Fourteenth Amendment requires courts to consider "first, whether any legitimate purposes are served by the[] conditions, and second, whether the[] conditions are rationally related to these purposes." See Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir. 2008) (Hubbard II) (quoting Union Cnty. Jail Inmates v. Di Buono, 713 F.2d 984, 992 (3d Cir. 1983)). If pretrial detainees are subjected to conditions that are not reasonably related to a legitimate governmental objective, an inference may be made that the purpose of the prison official's action is punishment. Hope v. Warden York Cnty. Prison, 972 F.3d 310, 326 (3d Cir. 2020). Thus, "a particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007) (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)).

As the Third Circuit instructs, courts confronted with a Fourteenth Amendment conditions-of-confinement claim must "consider the totality of the circumstances of confinement." Hope, 972 F.3d at 326 (citing Hubbard I, 399 F.3d at 159-60). And, like an Eighth Amendment conditions-of-confinement claim by a convicted prisoner, a Fourteenth Amendment conditions-of-confinement claim by a pretrial detainee requires a showing of deliberate indifference on the part of prison officials. Edwards v. Northampton County, 663 F. App'x 132, 135 (3d Cir. 2016) (nonprecedential) (citing Colburn v. Upper Darby Township, 946 F.2d 1017, 1024 (3d Cir. 1991)).

DeJesus's Fourteenth Amendment conditions-of-confinement claim fails because he has not plausibly alleged deliberate indifference by any Defendant. He has not alleged who was potentially responsible for the near-constant illumination in his housing unit, who had knowledge of these conditions and was deliberately indifferent toward them, or whom he informed about the conditions and subsequently acted with deliberate indifference toward them. Without such fundamental allegations of deliberate indifference by any Defendant, dismissal of this claim is required under Section 1915A(b)(1). See Edwards, 663 F. App'x at 135-36.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. The court will grant DeJesus leave to amend in the event that he could plausibly allege a Fourteenth Amendment conditions-of-confinement claim against a state actor or actors.

If DeJesus chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his Fourteenth Amendment conditions-of-confinement claim in short, concise, and plain statements, and in sequentially numbered paragraphs. DeJesus must address the pleading deficiencies identified in this Memorandum. Most notably, he must clearly set forth the personal involvement of any named defendant in the alleged constitutional violation. That is, he must plausibly plead the unconstitutional action (or inaction) of each defendant he is attempting to sue.

DeJesus must also sign the amended complaint and indicate the nature of the relief sought. He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2). If he does not

timely file an appropriate amended pleading, dismissal of his complaint will automatically convert to dismissal with prejudice and the court will close this case.

## IV. CONCLUSION

Based on the foregoing, the court will dismiss DeJesus's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Leave to amend will be granted. An appropriate Order follows.

Date: 5/8/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court